## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHRIS K. MEEKS,

        Plaintiff,

v.                                  No. CIV-06-0558 LAM

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Plaintiff's ***Motion to Reverse Administrative Decision or, in the Alternative, a Remand of Said Decision*** (*Doc. 10*).  In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case.  The Court has reviewed Plaintiff's motion and his memorandum in support of the motion (*Doc. 11*), Defendant's response to the motion (*Doc. 12*), Plaintiff's reply in support of the motion (*Doc. 13*), the pleadings filed in this case and relevant law.  Additionally, the Court has meticulously reviewed and considered the entire administrative record (hereinafter "*Record*" or "*R.*").  For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED IN PART AND DENIED IN PART**, and the decision of the Commissioner of Social Security (hereinafter "Commissioner") **REMANDED** to Defendant for further proceedings consistent with this Memorandum Opinion and Order.

# I.  Procedural History

On November 13, 2003, Plaintiff, Chris K. Meeks, filed an application for supplemental security income benefits.  *R. at 43-45.*  In connection with his application, he alleged a disability since September 1, 2002, due to a disc bulge.[1]  *R. at 15.*  Plaintiff's applications were denied at the initial and reconsideration levels on April 8, 2004 and August 11, 2004, respectively.  *R. at 25-28, 31-34.*

Plaintiff requested a hearing and an administrative law judge (hereinafter "ALJ") conducted a hearing on October 20, 2005.  *R. at 13, 35, 226-42.*  Plaintiff was present and testified at the hearing.  *R. at 228-237.*  Plaintiff was represented by counsel at the hearing.  *R. at 228.*  Bertina Telles, a vocational expert (hereinafter, "VE") retained by the Commissioner, also testified at the hearing.  *R. at 240-242.*  On December 9, 2005, the ALJ issued his decision (*R. at 13-16*) in which he found that Plaintiff was not disabled at step four of the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920, because he could still perform his past relevant work as a personal caretaker.[2]  *R. at 15-16.*  The ALJ found that Plaintiff was not eligible for supplemental security income payments under the Social Security Act.  *R. at 16.*

---

[1]It appears that Plaintiff claims he suffered an injury in 1988 when he lifted a base plate for a gun (*see R. at 96*) when he was in the military.  The ALJ noted in his decision that Plaintiff "was briefly seen for depression, but not for a sufficient period to establish the presence of a medically determinable impairment imposing functional limitations meeting the durational requirements of the Act."  *R. at 15.*

[2]The ALJ made the following specific findings, *inter alia*, with regard to Plaintiff: (1) he had not engaged in substantial gainful activity since his alleged onset date of disability; (2) his L5-S1 disc bulge was a "severe" impairment; (3) his impairments did not meet, or medically equal, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1; (4) his allegations regarding the intensity, duration and limiting effects of his symptoms were not entirely credible because the objective findings did not reasonably translate into limitations rendering the Plaintiff totally disabled, and he had the residual functional capacity (hereinafter "RFC") to perform "light" work; (5) he is capable of performing past relevant work as a personal caretaker; and (6) he was not under a "disability," as defined in the Social Security Act, at any time through the date of the ALJ's decision.  *R. at 15-16.*

After the ALJ issued his decision, Plaintiff filed a request for review of his decision on January 6, 2006. *R. at 9.* On April 27, 2006, the Appeals Council issued its decision denying Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner in his case.[3] *R. at 5-8.* On June 26, 2006, Plaintiff filed his complaint in this action.[4]

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *See Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993); *Hamilton v. Sec'y of Health & Human Services*, 961 F.2d 1495, 1497-1498 (10th Cir. 1992).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *See, e.g., Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003); *Jozefowicz v. Heckler*, 811 F.2d 1352, 1357 (10th Cir. 1987). This Court's assessment is based on a meticulous review of the entire record, where the Court can neither re-weigh the evidence nor substitute its judgment for that of the agency.  *See Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *see also Jozefowicz*, 811 F.2d at 1357. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Josefowicz*, 811 F.2d at 1357 (citation and quotation omitted); *see also Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760.  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (citation and quotation

---

[3]The Appeals Council received a letter dated January 16, 2006 from Plaintiff's representative and marked it as part of the record as Exhibit AC-1.  *R. at 8, 224.*

[4]*See **Complaint for Review of Administrative Decision** (Doc. 1).*

omitted); *see also Hamlin*, 365 F.3d at 1214.  While the Court may not reweigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).

A five-step sequential evaluation process has been established for evaluating a disability claim.  *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. § 416.920.  At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful activity; that he has a medically severe impairment or combination of impairments; and that either his impairment(s) meet or equal one of the presumptively disabling impairments listed in the regulations under 20 C.F.R., Part 404, Subpart P, Appendix 1,[5] or that he is unable to perform his past relevant work.  *See Grogan*, 399 F.3d at 1261 (10th Cir. 2005); 20 C.F.R. § 416.920(a)(4).  At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience.  *Id.*

## III.  Plaintiff's Age, Education, Work Experience and Medical History; Vocational Expert

Plaintiff was thirty-eight years old on the date of the ALJ's decision.  *R. at 229.*  He testified at the administrative hearing that he graduated from high school, was in the army and went to college for two years.  *R. at 229-230.*  Plaintiff reports having past work experience as an assembler on a production line, caregiver, carpenter, janitor, driver, infantryman, brush man, and morter man [sic].  *R. at 68, 89.*  Plaintiff's medical records document treatment by the Veterans Administration

---

[5]If a claimant can show that his impairment meets or equals a listed impairment, and also meets the duration requirement in 20 C.F.R. § 416.909 (requiring that an impairment have lasted or be expected to last for a continuous period of at least twelve months), he will be found disabled. *See* 20 C.F.R. §§ 416.920(a)(4)(iii) and 416.920(d).

Medical Center in Amarillo, Texas. *R. at 114-142, 158-223.* The *Record* includes a consultative examination titled "Disability Determination" for Plaintiff dated February 27, 2004, by physician R.E. Pennington, M.D, Ph.D. *R. at 143-149.* Additionally, the *Record* includes a Residual Functional Capacity Assessment - Physical by physician Edward S. Bocian, Jr., M.D., dated March 29, 2004. *R. at 150-157.* As noted above, VE Bertina Telles testified at Plaintiff's administrative hearing. *R. at 240-242.* Where relevant, Plaintiff's medical records and the testimony of VE Telles are discussed in more detail below.

## IV. Discussion/Analysis

Plaintiff contends that the ALJ's decision at step four of the sequential evaluation process is not supported by substantial evidence and is the result of legal error. Specifically, Plaintiff contends that the ALJ erred in (1) his evaluation of Plaintiff's pain, (2) determining Plaintiff's credibility, and (3) determining Plaintiff's RFC by determining that Plaintiff could perform light work. *See **Memorandum in Support of Plaintiff's Motion to Reverse Administrative Decision, or, in the Alternative, a Remand of this Matter** (Doc. 11)* at 2, 4, 5. As relief, Plaintiff asks the Court to reverse or remand the Commissioner's decision. *Id.* at 1, 6. Defendant argues that the decision of the ALJ should be affirmed because he applied the correct legal standards and his decision is based on substantial evidence. *See **Defendant's Response to Plaintiff's Motion to Reverse Administrative Decision, or, in the alternative, a Remand of this Matter** (Doc. 12)* at 10.

### A.  Plaintiff's Pain Evaluation

Plaintiff states that the ALJ minimized or discounted "both the chronic nature and the severity of the Plaintiff's pain." ***Memorandum in Support of Plaintiff's Motion to Reverse Administrative Decision, or, in the Alternative, a Remand of this Matter** (Doc. 11)* at 2. Plaintiff states that his pain is long-standing and chronic, that it limits his ability to sit and walk, and that

medication or a "TENS Unit" has not helped with his pain.  *Id.* at 2-3.  Plaintiff challenges the ALJ's finding that Plaintiff's testimony is not supported by objective evidence and contends that the ALJ is "substituting his own opinion for that of the treating physician."  *Id.*  Plaintiff further claims that the ALJ wrongfully relied on the consultative examination report by picking out portions of the report to support his decision and by giving more weight to the consultative examination report than to the evidence from the treating physician.  *Id.* at 3-4.  The Court disagrees.

The Tenth Circuit looks at three factors in assessing subjective allegations of pain: "1) whether the objective medical evidence establishes a pain-producing impairment; 2) if so, whether there is a loose nexus between the proven impairment and the claimant's subjective allegations of pain; and 3) if so, whether considering all of the evidence, claimant's pain is in fact disabling."  *White v. Barnhart*, 287 F.3d 903, 909 n.3 (10th Cir. 2001) (quoting *Kepler v. Chater*, 68 F.3d 387, 390 (10th Cir. 1995)).  The evaluation of subjective allegations of pain "ultimately and necessarily turns on credibility."  *Id.* at 909.  When objective medical evidence shows a pain-producing impairment or a loose nexus between the impairment and the claimant's subjective allegations of pain, the ALJ must consider whether the allegations of pain are credible.  *Kepler*, 68 F.3d at 391; *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993) ("[a] claimant's subjective allegation of pain is not sufficient in itself to establish disability").  Some of the factors an ALJ should consider in determining the credibility of pain testimony include:

> levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Kepler*, 68 F.3d at 391.

6

In this case, the ALJ found that Plaintiff's L5-S1 disc bulge is a pain-producing back impairment, and it is undisputed that there is a loose nexus between that impairment and Plaintiff's subjective allegations of pain. *R. at 15-16.* Therefore, the ALJ was required to consider whether Plaintiff's allegations regarding severe pain are credible. The ALJ stated that while Plaintiff's impairment could reasonably be expected to produce some of Plaintiff's alleged symptoms, Plaintiff's "statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible." *R. at 15.* To support this finding, the ALJ noted that the MRI findings showed that the disc bulge did not cause definite deformity and was described as mild in several other records, and that diagnostic imaging disclosed no compression of the thecal sac. *R. at 15* (citing *R. at 141, 143 and 174*). The ALJ noted that the positive Waddell's signs observed during the consultative examination are "indicative of symptom magnification," and that a second MRI showed no "neural structure impingement." *R. at 15-16, 144, and 214.* Further, the ALJ considered that the Plaintiff "has only pursued conservative treatment," has "rejected pursuing a surgical option and has resisted epidural injections as well." *R. at 16.* Thus, the ALJ found that Plaintiff's allegations of pain were not credible. The Court finds that the ALJ reviewed the required factors in assessing Plaintiff's subjective pain testimony, and the Court concludes that the ALJ's finding that Plaintiff's allegations of pain are not totally credible or disabling is supported by substantial evidence in the record.

In addition, the Court finds that the ALJ did not wrongfully rely on the consultative examination report by selecting only portions to rely on and by giving it more weight than evidence from Plaintiff's treating physicians. "The record must demonstrate that the ALJ considered all the evidence, but an ALJ is not required to discuss every piece of evidence." *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). The ALJ stated in his decision that he conducted "careful

consideration of the entire record." *R. at 15.* In addition to relying on the consultative examination report, the ALJ relied on information from MRIs, evidence from Plaintiff's treating physicians, and Plaintiff's testimony. The ALJ noted that the MRI findings showed that Plaintiff's disc bulge "touches the right and left nerve roots" but is "causing no definite deformity." *Id.* (citing *R. at 141*). The ALJ noted that a second MRI "showed a slight increase in size" of Plaintiff's disc bulge, but that "there still was no neural structure impingement." *Id.* at 16 (citing *R. at 214*). The ALJ looked at evidence from Plaintiff's treating physicians when he noted that the disc bulge "is described as mild in several other records such as Exhibit 4F17." *Id.* at 15 (citing *R. at 174*). Further, the ALJ noted that Plaintiff testified that surgery had only a 50/50 chance of leaving him able to walk, that his medications did not help his pain, and that he described a "very impoverished lifestyle." *Id.*; *R. at 232.* Plaintiff states that the ALJ gave more weight to the consultative examination report than to evidence from Plaintiff's treating physicians, but the ALJ does not make any findings that are inconsistent with either the consultative examination report or evidence from Plaintiff's treating

physicians.[6]  Thus, the Court finds that the ALJ properly supported his opinion from medical evidence in the record and did not wrongfully rely on the consultative examination.

The Court concludes that the ALJ's finding that Plaintiff's allegations of pain are not totally credible or disabling is supported by substantial evidence in the record.

### B.  Plaintiff's Credibility

Plaintiff challenges the ALJ's credibility finding, stating that "the objective evidence corroborates the claimant's subjective complaints as to the manifestations of his impairments."  *See Memorandum in Support of Plaintiff's Motion to Reverse Administrative Decision, or, in the Alternative, a Remand of this Matter (Doc. 11)* at 4.  Plaintiff asserts that the record contains objective medical evidence of pain-producing impairments, such as dessication and broad-based midline disc herniation, degenerative spondylosis with narrowing at L4-5 disc, and peripheral neuropathy.  *Id.* at 4-5 (citing *R. at 139, 141 and 202*, respectively).  Plaintiff contends that the ALJ incorrectly rejected Plaintiff's subjective complaints about pain because the impairments resulted

---

[6]For his contention that the ALJ improperly relied on the consultative examination report, Plaintiff relies on cases where the ALJ actually *rejected, ignored* or *discredited* the opinions of either the consulting physician or treating physicians.  *See Miller v. Chater*, 99 F.3d 972, 976-77 (10th Cir. 1996) (finding that it was error for ALJ to discredit treating physician's opinion without "specific, legitimate reasons") (citing *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987)); *Pinnt v. Chater*, 988 F. Supp. 1354, 1360 (D. Colo. 1997) (finding that ALJ improperly ignored the opinions of the plaintiff's treating physicians who noted that medical evidence supported plaintiff's complaints); *Hintz v. Chater,* 913 F. Supp. 1486, 1492 (D. Kan. 1996) (holding that it was appropriate for ALJ to accord less weight to a consultative physician than to a treating physician, especially when the consultative physician's report is inconsistent with evidence represented by treating physicians); *Washington v. Shalala*, 37 F. 3d 1437, 1441 (10th Cir. 1994) (finding that the ALJ improperly rejected opinions from plaintiff's treating physicians in the absence of conflicting evidence from other sources).  Here, the ALJ did not reject, ignore or discredit either the consultative examination report *or* Plaintiff's treating physicians' findings.  Instead, the ALJ came to the same conclusion as Plaintiff's treating physicians and the consulting physician that Plaintiff has a pain-producing impairment, albeit a mild one.  *Compare R. at 128, 132, 134, and 139* (treating physicians' records stating that Plaintiff has a mild disc protrusion with no nerve root compression), *with R. at 143* (consulting physician's findings that "[t]here is no evidence of nerve root compression on this study" and "some mild dessication, midline changes, and minimal disc bulge. . . . [t]here is no compression of the thecal sac on the entire examination").  Importantly, there is no evidence in any of the records from any of Plaintiff's treating physicians that indicate that Plaintiff's impairment requires constant use of a cane or renders him unable to work.  Thus, the ALJ did not reject the physicians' findings or give more weight to one finding over another, and instead found that the "objective findings in this case do not reasonably translate into limitations necessitating the constant use of a cane or rendering this relatively young man totally disabled."  *R. at 16*.

in no deformity.  *Id.* at 5.  Plaintiff also contends that the ALJ discredited Plaintiff's testimony because Plaintiff had not agreed to surgery, which Plaintiff claims is "solely out of fear and a lack of financial resources."  *Id.* (citing *R.* at 15).

An ALJ's findings on credibility "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Kepler*, 68 F.3d at 391 (quoting *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988)) (holding that ALJ's credibility determination was inadequate where decision simply recited general factors he considered and then said claimant was not credible based on those factors).  An ALJ's decision, "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  Social Security Ruling 96-7p, 1996 WL 374186 at *4.  The ALJ may consider factors such as attempts to find relief, use of medications, willingness to try any treatment prescribed, use of crutches or a cane, regular contact with doctors, and daily activities.  *Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987).  The Tenth Circuit has "emphasized that credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2002) (quotation omitted).

The ALJ found that Plaintiff's "statements concerning the intensity, duration and limiting effects of [his] symptoms are not entirely credible."  *R. at 15.*  The ALJ acknowledged that Plaintiff had a severe impairment and that "his subjective complaints are not completely discounted."  *R. at 16.*  The ALJ considered Plaintiff's testimony that surgery had only a "fifty-fifty chance of leaving him able to walk," and noted that Plaintiff testified that his medications did not help his pain and that he described having a "very impoverished lifestyle."  *R. at 15.*  But after considering the evidence,

the ALJ found that "[t]he objective findings in this case do not reasonably translate into limitations necessitating the constant use of a cane or rendering this relatively young man totally disabled." *R. at 16.* In reaching his conclusion, the ALJ noted that he relied on the following: (1) MRI findings which disclosed no definite deformity or neural structure impingement; (2) medical records describing the disc bulge as mild; (3) "diagnostic imagining [sic] [that] disclosed no compression of the thecal sac;" (4) positive Waddell's signs observed during the consultative examination, which the ALJ noted were "indicative of symptom magnification;" (5) no objective findings of functional deficit by the consultative physician, R. Pennington, M.D.; and (6) Plaintiff's pursuit of only conservative treatment, and rejecting any surgical option and resisting epidural injections. *R. at 15-16.* Further, the ALJ noted that he was "not persuaded that [Plaintiff] has been told that surgical intervention has a significant chance of leaving him completely unable to walk." *R. at 16.*

The Court finds that the ALJ properly considered Plaintiff's lack of willingness to try recommended treatments and inconsistencies between Plaintiff's subjective statements and other evidence in the record to assess Plaintiff's credibility. After a thorough review of the record, the Court finds that there is substantial evidence in the record to support the ALJ's finding of a negative credibility assessment. First, there is evidence of Plaintiff's lack of attempts to find relief and lack of willingness to try recommended treatments. *See R. at 126* (on June 26, 2001, Plaintiff "has not used any over-the-counter medicines or any home remedies to alleviate" his pain); *R. at 204* (on October 22, 2003, physician notes that Plaintiff "still does not want to try surgery, so we will again readdress the medical means of treatment with rehab medicine"); *R. at 200* (Plaintiff declines epidural injections on July 12, 2004); *R. at 198* (physician notes on July 26, 2004 exam that Plaintiff "has continued pain, but does not want surgery"). Second, there is evidence in the record that Plaintiff's impairment is considered mild. *See R. at 126* (physician finds "no apparent acute

distress"); *R. at 128* (disc protrusion described as "mild"); *R. at 132* (MRI showed disc herniation "not pressing on any nerves"); *R. at 133* (Plaintiff "released to his work activities as he sees fit" after examination on November 5, 2002); *R. at 134* (physician notes on September 12, 2003 that MRI showed "no nerve root compression"); *R. at 139* (radiology diagnostic report on July 18, 2003 describes a "mild abnormality" and a "mildly narrowed L4-5 disc"); *R. at 192* ("neuro exam [on July 5, 2005] is really unremarkable" and "straight leg raising negative for radiating pain"). And finally, there is evidence of inconsistencies between Plaintiff's subjective statements and other evidence from the record. *See R. at 201* (physician notes that Plaintiff said that the physical therapist told him that he should not continue to work, but notes that there is "no note to this effect in the medical records"); *R. at 235* (Plaintiff testifies that his primary care doctor told him not to lift more than 10 pounds, but this doctor-imposed limitation was not found in the record). The ALJ set forth the reasons supporting his negative credibility assessment as required and the Court will not reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Therefore, the Court finds that the ALJ's finding that Plaintiff's allegations concerning his symptoms, limitations and his inability to work are not credible is supported by substantial evidence in the record.

### *C. Plaintiff's RFC*

Plaintiff challenges the ALJ's evaluation of Plaintiff's RFC because Plaintiff contends the ALJ did not discuss Plaintiff's other limitations that had been documented by treating physicians. *See **Memorandum in Support of Plaintiff's Motion to Reverse Administrative Decision, or, in the Alternative, a Remand of this Matter** (Doc. 11)* at 5. Specifically, Plaintiff alleges that the ALJ failed to mention observations of Plaintiff walking with a limp, dragging his left foot, use of a cane to ambulate, or Plaintiff's failed attempts at pain control. *Id.* at 5-6.

A claimant's RFC is based on how the claimant's physical and mental limitations affect the claimant's ability to work, and is "the most [a claimant] can still do despite [those] limitations." 20 C.F.R. § 416.945(a)(1).  *See also* Social Security Ruling 96-8p, 1996 WL 374184 at *2 ("RFC is what an individual can still do despite his or her limitations.").  The ALJ must base the RFC assessment on all of the relevant evidence in the record, such as medical history, laboratory findings, effects of treatment and symptoms, reports of daily activities, lay evidence, recorded observations, medical source statements, evidence from attempts to work, need for a structured living environment, and work evaluations, if any.  *Id.* at *5.

In this case, the ALJ stated that he carefully considered the entire record and found that Plaintiff's "impairment limits him from the performance of work activities which have significant physical components, but does not eliminate him from work at the less demanding exertional levels." *R. at 16*.  Thus, the ALJ found that Plaintiff "retains the residual functional capacity compatible with the performance of 'light' work." *Id.*  The ALJ specifically addressed Plaintiff's impairment and use of a cane, and found that, based on his findings of Plaintiff's credibility, these impairments did not preclude Plaintiff from performing "light" work.  The ALJ's findings are further supported by the record.  Dr. Pennington's consultative examination found that Plaintiff could lift weight compatible with "medium" work activity.[7] *R. at 148-49*.  In addition, Edward Bocian, Jr., M.D., who conducted a Residual Functional Capacity Assessment - Physical on

---

[7]The exertional requirements for "sedentary," "light," "medium," "heavy," and "very heavy" work are set out in Social Security Administration Regulations.  "Medium" work requires the ability to lift a maximum of 50 pounds at a time and to frequently lift or carry objects weighing up to 25 pounds, and if "someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

March 29, 2004, found that Plaintiff could perform activities consistent with "light" work.[8]  *R. at 151*.

The Court finds that the ALJ's RFC assessment is supported by substantial evidence in the record.  The ALJ noted Plaintiff's use of a cane and relied on objective findings in his RFC assessment.  Even though the ALJ did not specifically note observations that Plaintiff walked with a limp or dragged his left foot, the ALJ did find that "the objective findings in this case do not reasonably translate into limitations necessitating the constant use of a cane or rendering this relatively young man totally disabled." *R. at 16*.  Indeed, the record shows that Plaintiff was prescribed a cane "to aid [him] in walking" and not for constant use. *R. at 56*.  In addition, there is evidence in the record that Plaintiff either "does not do any lifting" or does not do any "heavy lifting or carrying" as a personal care attendant. *See R. at 126 and 95, respectively*.  Thus, the Court finds that the evidence in the record supports the ALJ's finding that Plaintiff can perform "light" work. Carrying a cart

The ALJ's analysis at step four of the sequential analysis does not end at determining Plaintiff's physical and/or mental RFC, however.  Step four is comprised of three phases where the ALJ must: (1) evaluate a claimant's RFC, (2) determine the physical and/or mental demands of the claimant's past relevant work (hereinafter "PRW"), and (3) determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); *see also* Social Security Ruling 82-62, 1982 WL 31386 at *813.  "At each of these phases, the ALJ must make

_____

[8]"Light" work requires the ability to lift a maximum of 20 pounds at a time and to frequently lift or carry up to 10 pounds.  20 C.F.R. § 416.967(b).

specific findings." *Winfrey*, 92 F.3d at 1023.  The Court finds that the ALJ did not make the required specific findings at phases two and three.

At phase two, the ALJ is required to "make findings regarding the physical and mental demands of the claimant's [PRW]." *Id.* at 1024.  The ALJ must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations."  Social Security Ruling 82-62, at *812.  Further, the ALJ must gather "[d]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements . . . as appropriate."  *Id.*  At phase three, the "decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be *developed and explained fully in the disability decision*."  *Id.* (emphasis added).  "Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit."  *Id.*

Here, the ALJ's determination of Plaintiff's PRW consists of the statement "Mr. Meeks is capable of performing past relevant work as a personal caretaker."  *R. at 16.*  To determine whether Plaintiff was capable of performing his PRW in light of the ALJ's RFC determination, the ALJ simply states: "In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I also find Mr. Meeks is able to perform this type of work as it was previously performed, and as such work is generally performed in the national economy."  *Id.*  The ALJ relies on the VE's testimony at the hearing for his findings, but does not present any factual information about Plaintiffs PRW or Plaintiff's ability to perform his PRW.  The ALJ may not simply rely on the VE's testimony for his step four determination.  *See Winfrey*, 92 F.3d at 1025 (holding that the ALJ improperly relied on the VE's testimony in step four and stating that when

"the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review"). "[W]hile the ALJ may rely on information supplied by the VE at step four, the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work." *Id.* While the Court notes that the record contains some information about Plaintiff's PRW as a personal caretaker, *see, e.g., R. at 95* (Plaintiff writes in Work History Report on December 22, 2003, that he lifted less than 10 pounds as a personal caretaker) and *R. at 59* (Plaintiff writes in August 17, 2005, Disability Report that he cannot lift more than 10 pounds), the Court may not fill in the analysis on this point for the ALJ. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself."). The Court is unable to determine from the ALJ's decision how he came to the conclusion that Plaintiff can perform his PRW as a personal caretaker. Thus, the Court holds that the ALJ failed to present factual information about Plaintiffs PRW and whether Plaintiff can meet the demands of his PRW in light of the ALJ's RFC determination, and failed to develop and explain fully his decision.

## V.  Conclusion

Because the ALJ failed to adequately make findings of fact regarding the physical demands of Plaintiff's past work as a personal caretaker and regarding the ability of Plaintiff to return to his past occupation given his RFC, this case must be remanded to the Commissioner for further proceedings, including a re-hearing if necessary, in accordance with this Memorandum Opinion and Order.

Based on the foregoing, the Court will grant Plaintiff's motion in part and remand this case to the Commissioner for further proceedings.  The Court will deny Plaintiff's motion to the extent it asks for a ruling of legal error in the ALJ's pain, credibility or RFC assessments.

**IT IS THEREFORE ORDERED** that Plaintiff's ***Motion to Reverse Administrative Decision or, in the Alternative, a Remand of Said Decision*** (*Doc. 10*) is **GRANTED IN PART** and this case is **REMANDED** to the Commissioner for further proceedings, including a re-hearing if necessary, consistent with this memorandum Opinion and Order.  A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**

17